IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 07-30033 |
| | ) | |
| MARIO OLIEA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

OPINION
===

SUE E. MYERSCOUGH, U.S. District Judge:

This cause is before the Court on Defendant Mario Oliea's pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (Motion for Reduced Sentence) (d/e 27) and his Motion to Hold § 3582(c)(2) Proceedings in Abeyance Pending the Outcome of the Supreme Court Decision Granting Certiorari Review for Descamps v. United States to Re-Consider United States v. Almendarez-Torres, 523 U.S. 224 (1998) (Abeyance Motion) (d/e 29).

Because Defendant was sentenced as a career offender, he is not eligible for a reduced sentence under 18 U.S.C. § 3582(c)(2). Therefore,

Defendant's Motion for Reduced Sentence (d/e 27) is DISMISSED for lack of subject-matter jurisdiction and his Abeyance Motion (d/e 29) is DENIED AS MOOT.

## FACTS

In June 2007, Defendant pleaded guilty to two counts of possession with intent to distribute five or more grams of a mixture and substance containing cocaine base ("crack") in violation of 21 U.S.C. §841(a)(1) and (b)(1)(B). In the Presentence Investigation Report (PSR), Defendant was held accountable for 845.20 grams of crack. The PSR also found that Defendant was a career offender. See PSR, p. 7, ¶ 26; U.S.S.G. § 4B1.1(a). After an adjustment for acceptance of responsibility, Defendant's total offense level, based on the career offender guideline, was 34. Had Defendant not been a career offender, his total offense level after an adjustment for acceptance of responsibility would have been 33. See U.S.S.G. §4B1.1(b) (with an exception not applicable here, providing that "if the offense level for a career offender from the table in this subsection is greater than the offense level

otherwise applicable, the offense level from the table in this subsection shall apply.")  Based on an offense level of 34 and a criminal history category of VI, Defendant's sentencing guideline range was 262 to 327 months' imprisonment.  PSR, p. 22, ¶ 88.

At the October 2007 sentencing hearing, the Court adopted the factual findings of the PSR as its own and sentenced Defendant to 262 months' imprisonment on each of Counts 1 and 2, to run concurrently. See Judgment (d/e 13); October 29, 2007 Minute Entry.  Defendant did not appeal.

In 2008, Defendant requested a reduced sentence pursuant to the retroactive amendment (Amendment 706) to the crack cocaine guideline. See d/e 25.  On March 17, 2009, the Court found Defendant was "not entitled to a reduction in sentence under the Amendment because his sentence was based on the fact that he was a career offender, and not on the crack guidelines."  March 17, 2009 Text Order.

On October 31, 2011, Defendant filed a pro se Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine

Offense (d/e 27).

Pursuant to Administrative Order 11-MC-2042, this Court appointed the Federal Defender to represent Defendant on his Motion. On September 26, 2012, Jonathan E. Hawley, Chief Public Defender, moved to withdraw as counsel for Defendant (d/e 28). Hawley concluded Defendant was ineligible for a reduced sentence pursuant to the retroactive amendment to the crack cocaine guideline because Defendant was sentenced as a career offender.

On September 26, 2012, this Court granted Hawley leave to withdraw and granted Defendant until October 29, 2012 to file any supplement to his motion.

On October 29, 2012, Defendant filed his Abeyance Motion. In his Abeyance Motion, Defendant asks that the Court hold off ruling on Defendant's Motion because the Supreme Court has held that United States v. Almendarez-Torres, 523 U.S. 224, 226-27 (1998) was wrongly decided and will be reconsidered in United States v. Descamps, in which certiorari was granted. But see Almendarez-Torres, 523 U.S. at 226-27

(finding that 8 U.S.C. § 1326(b)(2) only authorized an enhanced penalty when an offender has an earlier conviction and did not constitute a separate crime; therefore, an indictment need not mention the fact of the earlier conviction); United States v. Descamps, 466 Fed. Appx. 563 (9th Cir. 2012), cert. granted in part, 2012 WL 1031489 (August 31, 2012) (granting certiorari only on the issue of whether a state conviction for burglary, where the statute is missing an element of the generic crime, may be subject to the modified categorical approach and not granting certiorari on the issue of whether Almendarez-Torres should be overruled).

## ANALYSIS

The Fair Sentencing Act of 2010, amending 21 U.S.C. § 841(b)(1), reduced the disparity between sentences involving crack and powder cocaine by raising the amounts of crack mandating minimum prison sentences. See Pub. L. No. 111-220, 124 Stat. 2372; see also 21 U.S.C. § 841(b()1); United States v. Bell, 624 F.3d 803, 814 (7th Cir. 2010). However, the Fair Sentencing Act does not apply retroactively. Bell, 624

F.3d at 814. Therefore, none of the statutory changes made by the Fair Sentencing Act apply to Defendant because he was sentenced before the Fair Sentencing Act became law.

The Act did, however, require that the United States Sentencing Commission amend the Federal sentencing guidelines "'to achieve consistency with other guideline provisions and applicable law.'" United States v. Perez, 2011 WL 2183879, at *1 (N.D. Ind. 2011), quoting Pub. L. No. 111-220 at § 8, 124 Stat. at 2374. The Sentencing Commission amended the sentencing guidelines by reducing the sentencing guideline ranges for certain federal crack cocaine offenders. See Amendment 750. Effective November 1, 2011, the Sentencing Commission made those amended sentencing guidelines apply retroactively. See U.S.S.G. § 1B1.10(a), (c) (providing that a court may reduce the sentence of a defendant serving a sentence of imprisonment where the sentencing guideline range was lowered as a result of Amendment 750). "Stated generally, the practical effect of the Sentencing Commission's actions is that certain federal defendants

convicted of offenses involving crack cocaine may be eligible for a reduction in their current sentences, pursuant to 18 U.S.C. § 3582(c)(2)." United States v. Turner, 2011 WL 4704277, at*1 (W.D. Va. 2011).

In his Motion (d/e 27), Defendant seeks a reduction in sentence pursuant to Amendment 750. However, "[d]istrict courts have limited power to revisit sentences once they are imposed." United States v. Goode, 342 F.3d 741, 743 (7th Cir. 2003); see also 18 U.S.C. § 3582(c) (providing that a court cannot modify a term of imprisonment once it has been imposed except in certain circumstances provided therein). Section § 3582(c)(2) allows a court to reduce a previously imposed sentence where (1) the defendant was sentenced "to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). If the defendant cannot satisfy the first criterion, the court lacks subject-matter jurisdiction to consider the reduction request. United States v. Forman, 553 F.3d 585, 588 (7th Cir. 2009).

Here, the Court lacks subject-matter jurisdiction to consider Defendant's Motion for Reduced Sentence because Defendant's guideline range was based on the career offender guideline (U.S.S.G. § 4B1.1) and not the guideline range for crack cocaine offenses. Because Amendment 750 did not change the career offender guideline, Defendant does not qualify for a sentence reduction under § 3582(c)(2). See Forman, 553 F.3d at 589-90 (holding that a crack cocaine offender sentenced under the career offender guideline was not eligible for a reduced sentence under section 3582(c)(2)); see also United States v. Williams, 694 F.3d 917, 918 (7th Cir. 2012) (refining statement made in Forman– "that 'Amendment 706 provide no benefit to career offenders'" means that "Amendment 706 does not affect a sentence calculated under the career-offender guideline").

Because this Court lack jurisdiction to grant Defendant's Motion to Reduce, the Abeyance Motion, which is essentially a challenge to Defendant's designation as a career offender, is denied as moot.

## CONCLUSION

For the reasons stated, Defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense (d/e 27) is DISMISSED for lack of subject matter jurisdiction and Defendant's Motion to Hold § 3582(c)(2) Proceedings in Abeyance Pending the Outcome of the Supreme Court Decision Granting Certiorari Review for Descamps v. United States to Re-Consider United States v. Almendarez-Torres, 523 U.S. 224 (1998) (d/e 29) is DENIED AS MOOT.

ENTER: November 1, 2012

FOR THE COURT:

                                              s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                UNITED STATES DISTRICT JUDGE