IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARIO OLIEA,<br><br>    Defendant. | Case No. 07-cr-30033 |

**RESPONSE TO MOTION FOR REDUCED SENTENCE
UNDER SECTION 404(b) OF THE FIRST STEP ACT**

Now comes the United States of America by John C. Milhiser, United States Attorney and Crystal C. Correa, Assistant United States Attorney and as its response to the Defendant's Amended Motion for a Reduced Sentence under Section 404(b) of the First Step Act, states as follows.

I.   The Parties Agree the Defendant is Eligible for a Reduced Sentence

The defendant seeks and is eligible for a sentence reduction under Section 404 of the First Step Act of 2018. The government acknowledges and agrees that the Fair Sentencing Act of 2010 (FSA) amended the penalty provisions of 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) to increase the amount of crack cocaine involved in an offense necessary to trigger mandatory minimum (and accompanying maximum) penalties for those convicted.

1

The First Step Act allows, but does not require, that the changes made to the penalty provisions for "covered offenses" (certain crack cocaine distribution offenses) in the controlled substances statutes § 841(b)(1)(A)(iii) and (B)(iii) by section 2 of the Fair Sentencing Act of 2010 may be applied retroactively. Specifically, § 404(a) of the First Step Act defines a covered offense as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentence Act of 2010 (Public Law 111-220; 124 Stat. 2372), that was committed before August 3, 2010."

On April 4, 2007, Mario Oliea was charged in a two-count indictment. Count one charged that on September 29, 2006, the defendant knowingly and intentionally possessed with intent to distribute five or more grams of a mixture and substance containing cocaine base, "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). Count two charged that on January 19, 2007, the defendant knowingly and intentionally possessed with intent to distribute five or more grams of a mixture and substance containing cocaine base, "crack," a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B). On June 7, 2007, the defendant pleaded guilty to both counts in the indictment. (R. 10) Because the mandatory minimum sentence for possession with intent to distribute crack was changed by the Fair Sentencing Act, the

defendant is eligible for a reduced sentence under § 404(b) of the First Step Act. Since the defendant's offense was committed before August 3, 2010, it is a covered offense as defined in § 404(a) of the First Step Act and the Court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed."

  II. This Court has Discretion to Reduce the Sentence

While this Court has authority to reduce the sentence as requested by the defendant, the United States respectfully suggests that immediate release would be a departure from the advisory guideline range even after the reduction is made under the First Step Act, and may create a windfall not available to similarly situated persons convicted of drug offenses under the Fair Sentencing Act and found to be "career offenders" under Chapter 4 of the sentencing guidelines.

Looking specifically at this defendant, were the Fair Sentencing Act of 2010 were in effect at the time of this offense, a defendant accused of possessing this amount of crack with no prior controlled substance offenses would face a possible sentence of a maximum of 30 years under 21 U.S.C. § 841(b)(1)(C). Since the defendant was found to be a career offender, with a maximum penalty of 30 years imprisonment, the guideline level for his offense would be 34, which

would be reduced by 3 due to his accepting responsibility. A guideline level 31 and criminal history of VI would present the court with a guideline range of 188-235 months.

Because the defendant had felony convictions for controlled substance offenses, the government filed a "Notice of Prior Convictions" prior to the change of plea, listing two prior controlled substance convictions. (R. 9) Those convictions were both for manufacture/delivery of controlled substances and resulted in a 4 and 5-year prison sentence.

Because of the prior convictions, the defendant faced a mandatory minimum term of imprisonment of 10 years (120 months) and a maximum of life imprisonment on Counts one and two. Because the defendant qualified as a career offender, his guideline range was 262 to 327 months imprisonment.

On October 29, 2017, the Court sentenced the defendant to a within-guideline term of 262 months imprisonment on Counts one and two, to run concurrently, and 8 years of supervised release on Counts one and two to run concurrently. (R. 13)

The defendant's only disciplinary record includes a 2018 indicate for possessing stolen property. Given the defendant's good record, the government agrees that a sentence reduction is appropriate, but a reduction to 188 months is appropriate, rather than a sentence of time served. This would treat the

defendant the same as all other similarly situated offenders, would recognize the seriousness of the crime and balance the history and characteristics of this defendant with the need to promote respect for the law and just punishment for the offense. 18 U.S.C. § 3553(a). To the extent that this would require a short additional time of incarceration, that could be used to prepare and adjust for eventual release. See e.g. 18 U.S.C. § 3524(1)(" The Director of the Bureau of Prisons shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term … under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community.")

The government, therefore respectfully requests that should this Court determine that a reduction is appropriate, that the reduction be to 188 months but not less than time served. Further, the government recommends that the

term of supervised release be reduced to 6 years on Counts one and two to be served concurrently.

Respectfully submitted,

JOHN C. MILHISER
UNITED STATES ATTORNEY

*/s/ Crystal C. Correa*
Crystal C. Correa
Assistant U.S. Attorney
U.S. Attorney's Office
318 South 6th Street
Springfield, IL  62701
Telephone: 217/492-4450
crystal.correa@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 21, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Thomas W. Patton.

*/s/ Crystal C. Correa*
Crystal C. Correa
Assistant United States Attorney